By the Court.
Mason, J.
The first question we shall consider is as to the right of the plaintiff to charge the defendants with the sums paid for clerk hire.
It was not contended by the counsel for the defendants that the business of the office could have been performed without the aid of clerks, or that the sums paid them exceeded the value of their services, but it was insisted that by the true construction of the corporation ordinances on this subject, the plaintiff was bound to defray the expense out of his own pocket.
The ordinance of 1839, which first rendered the office of attorney to the corporation a salaried office, ordained as follows: “ The attorney of the corporation shall hereafter receive a salary of $2250 per annum, payable quarterly, [and the further sum, in lieu of clerk hire, of $750, payable quarterly,] in lieu of all fees or other charges against the corporation, or against any *196 other person or persons, on any complaint, for a violation of any ordinance of the common council.” (By-laws & Ord. Corp. 1839, revised, 1838-9, tit. 2, ch. 4.) In the month of May, 1844, the salary was reduced to $2000, and the allowance for clerk hire was by resolution of. the common council abolished. And in the revision of the corporation ordinances of 1845, this section reads as follows: “ The attorney of the corporation shall hereafter receive a salary of $2000 per annum in lieu of all fees or other charges, &c., &c.” And the argument of the counsel for the defendants was, that the allowance for clerk hire being stricken out of the ordinance, the plaintiff must pay the expense himself.
But the term “salary” of itself imports a compensation for personal services, and not the repayment of moneys expended in the discharge of the duties of the office; and had the ordinance simply said, the attorney shall receive a salary of $2000, he would in our judgment have been entitled to have received that amount free and discharged of all expenses necessarily incurred in conducting, the business. Such is certainly tbe general understanding and practice with regard to salaried officers. We are not aware of any salaried officer of the general, state, or city government, or even of our incorporated monied institututions, who- is .required to defray such expenses out of his salary. The corporation themselves have given a practical construction to the act. They made an allowance for clerk hire in the act of 1839, and it is in evidence in this case that they provided the plaintiff with an office, and fuel, and stationery, as long as he, held the situation.
The ordinance, however, does not merely give a salary, but states specifically the services in consideration of which it is given; it is in lieu of all fees or other charges against the corporation, or against any other person or persons, on any complaint for a violation of any ordinance of the common council. Instead of receiving the fees and charges to which he might be entitled for each particular service, the corporation retain the benefit of these fees to themselves, and in consideration thereof stipulate to pay him a stipulated sum per annum. He was bound, for *197 the salary, to perform all the services mentioned in the ordinance, whatever the fees according to the established rates might have amounted to. And, on the, other hand, the corporation were bound to pay him the full sum without any deduction, and their obligation to do this was not at all affected by their omission to make an appropriation for the necessary expenses of the office. This they were bound to do at any rate in order to fulfil their contract with the attorney, and they cannot make their omission to perform their duty in one respect^the justification of a breach of contract in another. The argument of the defendant’s counsel would be sound, if the obligation to pay the clerk hire depended on the fact of their making an appropriation for that object; but they were bound in good faith to do so, and the appropriation is nothing more than the recognition and performance of a previous duty.
We think, therefore, that the defendants are chargeable with this clerk hire. The only question is as to the amount. The allowance which the corporation had formerly made was $750. ' They had themselves for a number of years recognized this as a reasonable and necessary sum for that object, and the plaintiff, on, his entering upon the duties of the office, was justified, we think, in the absence of any express provision, to go to that extent. Their consent might fairly have been presumed to such an amount. Although it would have been more prudent for him to have applied to them on the subject, still his omission to do so did not, we think, free them from the obligation to pay a reasonable sum. If he was imprudent in not asking for an appropriation, they were guilty of a breach of duty in not making it without an application.
But we do not think he was justified in exceeding the amount which had been formerly allowed, without the express permission of the defendants. They were on the spot, and could have been applied to. If from the increase of business a larger number of clerks was necessary, it was for them and not the plaintiff to determine what additional expense should be incurred. Beyond the amount previously allowed, no consent could be inferred. Our opinion therefore is, that the plaintiff is entitled to *198 be allowed for clerk hire at tbe rate of $750 per annum, and no more.
(The judge then proceeded to examine the other points in dispute, as to which it is deemed necessary to state merely the decision of the court, which was, first, that the plaintiff was not entitled to recover the taxable costs in suits prosecuted by him as corporation attorney in' courts of record; but w^s to be allowed his disbursements expended in such suits, where the same had not been collected of the adverse party. Second, that the plaintiff was not entitled' to retain to his own use the sums received by him on the settlement, without suit, of complaints made to him of breaches of the laws and ordinances of the corporation, and for other penalties falling within his province as corporation attorney. That the sums so received belonged to the corporation, and he must account for the same.)
Report of the referees modified accordingly.